**CHENG HAI WU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–4512–ag.

United States Court of Appeals, Second Circuit.

Aug. 3, 2007.

Mark Robert Barr, Lau & Choi, P.C., Denver, CO, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Jeannette A. Vargas, David S. Jones, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Cheng Hai Wu, a citizen of the People's Republic of China, seeks review of a July 21, 2005, order of the BIA affirming the February 10, 2004, decision of Immigration Judge ("IJ") Sandy Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Cheng Hai Wu,* No. A71 603 636 (B.I.A. July 21, 2005), *aff'g* No. A71 603 636 (Immig. Ct. N.Y. City, Feb. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Asylum, Withholding of Removal, and CAT Relief

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

Upon a review of the record, we conclude that the IJ's adverse credibility finding was supported by substantial evidence. As a general matter, the IJ found that Wu's demeanor suggested that he was not credible, and we give particular deference to this finding. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang*, 386 F.3d at 73–74. To the extent that we can review the IJ's assessment of demeanor on a cold record, the record fully supports that assessment.

## A. Religious Persecution Claim

■ The IJ's determination that Wu was not credible with regard to his claim of religious persecution was supported by substantial evidence. Wu testified that he was baptized in the United States, that he had a baptism certificate, and that he had sent it to the immigration court. Despite this assertion, however, the IJ noted that the certificate was never provided to the Court. Although an IJ is not permitted to require corroborating evidence that was not available to the applicant, *see Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006), here Wu conceded the availability (and the existence) of the corroborating evidence.

Furthermore, although lack of corroboration cannot form the sole basis for an adverse credibility determination, *see Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000),

the IJ's decision was supported by other evidence of adverse credibility, including the submission of an altered document. The IJ noted that a letter from Wu's sister contained an alteration regarding the year it was written, and that he thus could give no weight to it or other letters submitted by Wu. We will afford deference to an IJ's finding that a document is false based on an inference "[s]o long as [the] inferential leap is tethered to the evidentiary record." *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007). The IJ's finding that the letter was fraudulent was tethered to the record by the visible alteration of the document, and the IJ was therefore justified in relying upon this finding in disregarding Wu's other evidence in support of his religious persecution claim. *See Siewe*, 480 F.3d at 169 (applying maxim of *falsus in uno, falsus in omnibus* ).

We do not agree with the IJ that Wu was inconsistent in his testimony regarding the conditions of his detention. Nevertheless, because the adverse credibility determination was supported by substantial evidence in light of the IJ's demeanor finding, the altered document submitted by Wu's sister, and the absence of the baptism certificate Wu claims he submitted, we conclude that remand would be futile as it is clear that the agency would adhere to its original decision on remand. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006).

## B. Family–Planning Claim

■ In finding Wu not credible as to his family-planning-based claim, the IJ noted that Wu testified variously that the police took his wife to be sterilized and that the birth-control cadres took her. Wu argues that the terms are interchangeable. This interpretation may be reasonable, but it would not compel a reasonable adjudicator to disagree with the IJ's interpretation. *See Zhou Yun Zhang*, 386 F.3d at 73 & n. 7

The IJ also relied on a much more striking inconsistency evident in Wu's conflicting testimony regarding his own location when his wife was taken away. Wu testified at his original hearing that at the time his wife was forcibly aborted and sterilized he had been working as a farmer in Nanshan, a day's train ride away from his home. In his second hearing, however, Wu testified that he "just went out." Wu maintained that he merely stepped out despite several opportunities to further explain the apparent inconsistency. This was a specific inconsistency with a material relationship to Wu's claim and a valid basis for the IJ's adverse credibility determination. *See Zhou Yun Zhang*, 386 F.3d at 74.

Wu argues that the IJ improperly relied on inconsistencies between his original hearing, at which he was forced to proceed without the assistance of counsel, and his second hearing. To the extent that Wu was previously denied his procedural rights, that denial has been remedied, as the BIA's remand order subsequently afforded him "a full and fair hearing which provide[d] a meaningful opportunity to be heard." *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006). Furthermore, assuming *arguendo* that some inconsistencies in Wu's testimony—such as those pertaining to the date and duration of his wife's sterilization and abortion procedures—could be explained by the denial of access to counsel, remand would be futile. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Wu does not explain how a lack of access to counsel at his first hearing could explain the striking discrepancy in his testimony regarding his whereabouts when his wife was taken.

Substantial evidence supported the error-free findings made by the IJ, namely, the demeanor finding, Wu's inconsistent statements regarding who took his wife away, and Wu's inconsistent statements regarding his whereabouts at the time of his wife's abduction. These findings adequately support the IJ's ultimate conclusion that Wu lacked credibility because they rely upon "examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution." *Zhou Yun Zhang*, 386 F.3d at 74. Accordingly, we can state with confidence that the IJ would adhere to his decision on remand. *Xiao Ji Chen*, 471 F.3d at 339.

Because Wu failed to establish eligibility for asylum on the basis of either his religious persecution or family-planning claims, he necessarily failed to meet the higher standard for withholding of removal. Wu established no independent basis for a CAT claim; indeed, none of Wu's testimony indicates that upon return to China he would more likely than not be subject to torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir.2003).

## II. Adjustment of Status Claim

Because Wu failed to raise the grounds for his purported eligibility for adjustment of status before the BIA that he now raises before this Court, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (generalized argument regarding a claim does not exhaust an issue underlying that claim).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).